FILED
2009 Feb-25  AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **MATTHEW M. STEARNS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| **ASSET RECOVERY GROUP,** | ) |
| a Corporation, | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy and other state violations by this Defendant and its agent's illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.  Plaintiff Matthew M. Stearns (hereinafter "Plaintiff") is a natural person who resides in this judicial district, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Asset Recovery Group (hereinafter "Defendant ARG") is a collection agency with a principle place of business at the address of 2495 Main Street, Suite 317, Buffalo, New York, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.  The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7.  Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.  At some point, the alleged debt was supposedly consigned, placed or otherwise transferred to Defendant ARG for collection from the Plaintiff.

9. Plaintiff sued Defendant ARG in *Stearns v. Asset Recovery Group*, 5:08-cv-02018-CLS and the case was resolved with Defendant ARG cancelling the debt.

10. Despite the promise to cancel the debt, on or about February 4, 2009, Defendant ARG telephoned Plaintiff and left a voicemail message.

11. The voicemail message stated that the call was from "Investigator" Williams in regards to a civil complaint being filed against Plaintiff and being formalized in Madison County. Plaintiff was instructed to return the call within 48 hours in regards to the complaint that was being filed or the complaint would be filed against Plaintiff. The number the Plaintiff was given to call was 716-836-4405 and the number on the caller id was 716-836-4401.

12. Plaintiff called the number and spoke with someone who identified herself as Melinda Walker with ARG.

13. Plaintiff gave Ms. Walker the case number from the recording and was transferred to Mr. Dickinson.

14. Mr. Dickinson told Plaintiff that the call was in response to a debt with Associates Financial in the amount of $1,443.62 and that there was a settlement offer of $700 and some change.

15. This debt is the alleged debt that Defendant ARG promised to cancel in the previous litigation.

16. Plaintiff then verified with Mr. Dickinson that he was with ARG Group and Mr. Dickinson gave Plaintiff a phone number of 1-888-288-3114 extension 112.

17. There was no suit pending against Plaintiff and Defendant had no intention to file such a suit.

18. Defendant had no legal right to sue Plaintiff as it had cancelled the debt.

## Summary

19. The above-described collection communication made by Defendant, and collection employees employed by Defendant, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(10), and 1692f, amongst others, through lying to Plaintiff, threatening to take action Defendant could not legally take (suing Plaintiff) or threatening action Defendant had no intention of taking (suing Plaintiff), impersonating law enforcement ("investigator"), and otherwise using abusive means to collect this nonexistent debt.

20. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy.

21. This abusive collection call by Defendant caused Plaintiff enormous stress and anguish.

22. Defendant's attempt to collect this debt from Plaintiff was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

23. Defendant's illegal abusive collection communication as more fully described above was the direct and proximate cause of severe emotional distress on the part of Plaintiff.

24. Plaintiff has suffered actual damages as a result of the illegal collection communication by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

25. Defendant has a history of violating the FDCPA and state law and is continuing to violate the law.

## Respondeat Superior Liability

26. The acts and omissions of Defendant's debt collector(s) employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

27. The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

28. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, Defendant.

29. Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## Negligent Hiring and Supervision

30. Defendant negligently and/or wantonly hired, retained, or supervised the incompetent debt collector(s) who worked this account and broke the law and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by the Plaintiff.

## **TRIAL BY JURY**

31. Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

### COUNT II.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

35. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

36. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

37. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

    15 U.S.C. § 1692(a) (emphasis added).

38. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

    15 U.S.C. § 6801(a) (emphasis added).

39. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

40. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

41. Defendant and its agents intentionally and/or wantonly and/or negligently caused emotional harm to the Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

42. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

43. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

44. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

45. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.
## NEGLIGENT AND WANTON HIRING AND SUPERVISION

46. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

47. Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors who abused Plaintiff, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.
## BREACH OF CONTRACT

48. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

49. Plaintiff and Defendant entered into a contract (settlement agreement) whereby Defendant, for consideration, agreed to cancel this disputed debt.

50. Defendant ARG has breached this contract by not cancelling the debt but has instead made illegal attempts to collect this disputed debt from Plaintiff.

51. Plaintiff has been damaged by Defendant's breach of contract.

## COUNT V.
## FRAUD

52. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

53. Defendant ARG represented that it would cancel this disputed debt.

54. Plaintiff justifiably and reasonably relied upon Defendant's representation which concerned a material fact.

55. Defendant ARG had the present intent to not perform when it made the representation regarding the cancelling the debt.

56. Defendant ARG suppressed the material fact that it did not intend to perform.

57. As a proximate result of Defendant's intentional, reckless, wanton, and/or negligent misrepresentations and suppressions of material fact, Plaintiff has suffered the damages set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

## COUNTS II-V.

## STATE LAW VIOLATIONS

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of Alabama state law in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

                          /s/ M. Stan Herring
                          **M. Stan Herring ASB-1074-N72M**
                          **Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

        **PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

                          /s/ John G. Watts
                          **Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

Asset Recovery Group
c/o David Burgin
2495 Main Street
Suite 317
Buffalo, NY 14214